2003 ME 119

**Tim Q. LY**

v.

**Dorothy LAFORTUNE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 10, 2003.

Decided: Oct. 14, 2003.

---

**2.** The court did not find, and the record does not otherwise establish, how Roland came into possession of the key.

Jens–Peter W. Bergen, Esq, Kennebunk, for plaintiff.

Dorothy Lafortune, Biddeford, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

LEVY, J.

[¶ 1] Dorothy Lafortune appeals from a judgment of the Superior Court (York County, *Fritzsche, J.*) dismissing her appeal from a forcible entry and detainer judgment of the District Court (Biddeford, *Douglas, J.*) in favor of Tim Ly. We affirm the judgment.

## I. BACKGROUND

[¶ 2] Lafortune owned, and still resides in, a three-unit building in Biddeford. The City of Biddeford filed several liens for unpaid property taxes and sewer fees, and after the redemption period expired, the City sold the property to Ly. After Lafortune refused to vacate or pay rent to Ly, Ly brought this forcible entry and detainer action. In her answer, Lafortune raised the defense of superior title, claiming that the foreclosure was ineffective because the City failed to follow the proper statutory procedure. Following a hearing, the District Court made detailed findings of fact and conclusions of law. It ruled that Ly had superior title and the right of immediate possession because the City had complied with the tax lien foreclosure procedures required by 36 M.R.S.A. §§ 942 and 943 (1990 & Supp.2002) for the taxes committed in August 1998.

[¶ 3] Lafortune appealed to the Superior Court. She requested a jury trial de novo and, among other things, filed two supporting affidavits. The court determined that the affidavits did not raise a genuine issue of material fact and that Lafortune had not properly raised any errors of law. Accordingly, it dismissed the appeal pursuant to M.R. Civ. P. 80D(f)(5). The court also denied Lafortune's motion for a stay and issued a writ of possession. Lafortune appeals from the court's judgment, and her request for a stay of the writ of possession was granted by a single justice of this Court.

## II. DISCUSSION

[¶ 4] Lafortune raises numerous issues on appeal. First, she contends that the City ignored her request for a tax abatement in late 1999 and early 2000. However, even if we assume that the City failed to act on a request for a tax abatement, that fact has no bearing on Ly's title to the property. The process for challenging the City's alleged failure to act on an applica-

tion for a tax abatement would be a timely appeal to the City's Board of Assessment Review followed by an appeal to the Superior Court in accordance with M.R. Civ. P. 80B, which Lafortune did not utilize.

[¶ 5] Lafortune next contends that when the City sold the property to Ly, it failed to follow statutory requirements for a sealed-bid sale, referencing 36 M.R.S.A. §§ 941–943, 1074, 1076, 1078, and 1080 (1990 & Supp.2002). Lafortune's reliance on these statutes is misplaced. Sections 941 to 948 of title 36 govern tax lien enforcement, a method by which title to real estate can be transferred to a municipality for non-payment of taxes. Sections 1071 to 1084 of title 36 govern a completely separate method by which a municipal tax collector can sell property for non-payment of taxes. In this case, sections 1074, 1076, 1078, and 1080 are inapplicable because sections 942 and 943, under which the City proceeded, contain no rules for a sale. On the contrary, they vest full title in the municipality when the redemption period expires. 36 M.R.S.A. § 943 ("If the tax lien mortgage, together with interest and costs, shall not be paid within 18 months after the date of the filing of the tax lien certificate in the registry of deeds, the said tax lien mortgage shall be deemed to have been foreclosed and the right of redemption to have expired."); *see also Ocwen Fed. Bank v. Gile*, 2001 ME 120, ¶ 18, 777 A.2d 275, 281–82.

[¶ 6] Next, Lafortune contends that the tax sale provisions established in sections 1074 to 1080 for delinquent property taxes that are due to cities and towns were not followed. Again, contrary to Lafortune's contention, sections 1074 to 1080 are inapplicable because the City proceeded under the alternative process for filing and fore-closing liens set forth in sections 942 and 943. The tax sale process set forth in sections 1074 to 1080 is separate and independent from the process contained in sections 942 and 943 for creating a tax lien mortgage and foreclosing it after an eighteen-month redemption period.

[¶ 7] Lafortune also contends that the City failed to strictly follow the requirements of sections 942 and 943. Nothing, however, in the conclusory affidavits Lafortune filed with the Superior Court raised a genuine issue of fact regarding the City's compliance with the statutory procedures. Furthermore, Lafortune has failed to provide a complete transcript of the hearing in the District Court and there is no basis to conclude that the District Court's factual findings regarding the City's compliance with sections 942 and 943 are not supported by competent evidence.[1] *Alley v. Alley*, 2002 ME 162, ¶ 2, 809 A.2d 1262, 1262.

[¶ 8] Lafortune contends that the City sold the property to Ly before the expiration of the redemption period, citing a provision in the Biddeford City Code that, she claims, extends the statutory redemption period. *See* BIDDEFORD, ME., REV. CODE OF ORDINANCES § 2–118 (1994). The provision Lafortune relies upon does not extend the redemption period, but merely gives the City Council the discretion to hold property after foreclosure for resale to the former owner or the former owner's heirs. *Id.* § 2–118(a)(1).

[¶ 9] Other matters that Lafortune raises, including her dissatisfaction with the property distribution contained in a 1991 divorce judgment, and a dispute she had with a bank regarding a mortgage on the property, have no bearing on Ly's title to

---

1. The only portion of the hearing transcript Lafortune submitted was the cross-examination of Ly, which is irrelevant to the issue of the City's compliance with tax lien procedures.

the property and do not merit separate discussion.

The entry is:

Judgment affirmed.