**Dorothy LaFORTUNE, Plaintiff,**

v.

**CITY OF BIDDEFORD,
et al., Defendants.**

**No. CIV.01–250–P–H.**

United States District Court,
D. Maine.

July 6, 2004.

Dorothy LaFortune, Biddeford, ME, pro se.

Harry B. Center, II, Aaron P. Burns, Smith, Elliott, Smith & Garmey, P.A., Saco, ME, Keith Jacques, Smith, Elliott, Smith & Garmey, P.A., Portland, ME, for Defendants.

**ORDER ADOPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

HORNBY, District Judge.

In this lawsuit removed from state court in 2001, Dorothy LaFortune originally sought only injunctive relief. She claimed in her Third Amended Complaint that the City of Biddeford and its then mayor violated her constitutional rights by prohibiting rebroadcast of her Maine Forum program, *What Price Justice*, on Biddeford's public access

---

cable television channel and by banning her for at least one year from appearing on that channel. She requested injunctive relief against any prior restraint of her First Amendment rights, against any forfeiture of her rights under an Access User's Agreement the City used, against any failure to implement the Cable Television Committee's ("CTVC") order that her program *What Price Justice* be rebroadcast three additional times, and against enforcement of two particular City Council Orders. She also sought declaratory relief as to one of the orders.

After summary judgment motions, the Magistrate Judge recommended a ruling in LaFortune's favor on one issue (requiring a written release from every non-public official mentioned on the air constitutes an unconstitutional prior restraint and violates 47 U.S.C. § 544(f)(1)); resolution on a stipulated record of the state 80B appeal process for one City Council Order; and a ruling in the City's favor on all other issues. However, I dismissed the Complaint as moot when Biddeford thereafter shut down entirely its public access channel for several months with no suggestion that it soon would reactivate it. The First Circuit Court of Appeals later reversed my mootness determination, stating that Biddeford had not met its heavy burden to show mootness. The court of appeals remanded the case for further proceedings, leaving open the possibility of reconsidering mootness on a more developed record. I held a conference on the record with Ms. LaFortune and the defendants' lawyers on July 2, 2004. Before that conference the parties made filings as directed by a Procedural Order I entered.

At this time, based upon my *de novo* review of the Magistrate Judge's Recom-

mended Decision of April 30, 2002, I affirm his recommendation in all respects. As a result, (i) the defendants' motion for summary judgment is GRANTED as to Counts III and IV of the Third Amended Complaint and as to so much of Count I as refers to events other than the defendants' interpretation of the Access User's Agreement, and otherwise is DENIED; (ii) the defendants' motion to remand Count II is DENIED; and (iii) the plaintiff's motion for summary judgment is GRANTED as to the claim in Count I that any requirement that the plaintiff obtain written releases from all private individuals who may be mentioned during the broadcasts of her program on the Biddeford public-access cable television channel is unconstitutional and otherwise DENIED.

The defendants would have preferred that I declare the entire lawsuit moot once again.[1] In light of the court of appeals' decision and in the interests of judicial efficiency, however, I consider it more prudent at this point simply to rule on the merits.

At the conference on July 2, 2004, Ms. LaFortune requested permission to amend her complaint. She stated repeatedly that the injunctive relief she sought initially is no longer important to her. What she wants now is damages, or restitution as she calls it, and a return to public access. Apparently the City has seized and sold her home in Biddeford by a tax lien procedure. Ms. LaFortune has challenged that action in various state court lawsuits, *Ly v. Lafortune*, 2003 ME 119, 832 A.2d 757 (2003), *LaFortune v. City of Biddeford*, Docket No. AP–02–36 (Me.Super.Ct.),[2] so far unsuccessfully. In this court she would like to advance the claim that the City's actions were designed to prevent her from exercising her First Amendment rights

---

1. Although I am told that the situation has changed since my earlier ruling, and that the City has once again resumed public access programming, the City's lawyers also tell me that it no longer is using the procedures that Ms. LaFortune found offensive (requiring written releases from non-public figures prior to broadcast) and that any prohibition on her use of public access has expired or will not be enforced.

2. The City argues that these other lawsuits collaterally estop Ms. LaFortune from asserting her new claim for damages. I am skeptical that those decisions have collateral estoppel effect.

Ms. LaFortune did not advance her constitutional claims in those lawsuits. One was a Forcible Entry and Detainer lawsuit with the property's new purchaser. It is difficult to see how Ms. LaFortune could have raised her First Amendment claim against the City there. The other was an attack on the City's tax lien procedures and, in particular, retention of surplus funds the City recognized on the sale. At any rate, it is not necessary to decide the collateral estoppel issue now in light of my denial of the motion to amend.

and to get her out of Biddeford so that she no longer can have access as a resident to whatever public access channel might be available. She therefore wants to seek damages for the seizure and sale of her home and an order that the City treat her as a resident. I decline to permit the amendment. Discovery has already closed, the case was fully briefed on summary judgment on the original injunction issue, a decision was rendered in this court (first the Magistrate Judge's recommended decision, then my declaration of mootness) on that issue, and the court of appeals has reviewed it in that context. What Ms. LaFortune wishes to pursue now is a whole new lawsuit, based on a new set of events. It can only make for confusion of the record and any further proceedings in this court and the court of appeals to treat this new claim as only an amendment of the original injunctive relief lawsuit.[3] The motion to amend is DENIED.

I express no view on the merits of this new claim Ms LaFortune wants to make against the City. It is apparent that she is deeply aggrieved by what Biddeford has done, and believes that Biddeford has singled her out for this use of the tax lien procedure. (She also announced several times that she would like to resolve the matter without a lawsuit, but it may be too late for that.)

I am concerned about the remaining claim in this lawsuit, the state law 80B appeal of the City Council Order 2001.80. It seems from what was said at the conference that neither party cares very much about this claim. Nevertheless, the original City Council Order 2001.80 prohibiting rebroadcast of *What Price Justice* is still in effect. As a result, right now technically no one can rebroadcast the program (if anyone is so motivated) and the original CTVC's decision ordering three more broadcasts (the decision that the City Council's Order overruled) has never been carried out. The 80B appeal of

Order 2001.80 is therefore not moot. Perhaps in light of Ms. LaFortune's repeated assurances that the injunction is no longer the issue, she will choose to dismiss the 80B appeal. Or perhaps the City Council will rescind the Order in question. But until either of those events occurs, the Rule 80B appeal will proceed. The Magistrate Judge shall enter a procedural order accordingly.

SO ORDERED.

---

3. In addition to damages, Ms. LaFortune says she wants to use Biddeford's public access channel and that she believes Biddeford will deny her access on the basis that she is not a resident. She challenges that potential decision, claiming that she still is a resident of Biddeford, apparently claiming intent to return to the seized and sold property. In that respect, she claims to have a basis for injunctive relief. But this residency dispute is premature. At this point I do not know where Ms. LaFortune lives, what Biddeford's rules are for determining residence, or whether the City will apply them fairly to Ms. LaFortune. There are also apparently other ways for her to have access even if she is not a resident.