**In re PAUL W., Jr. et al.**

Supreme Judicial Court of Maine.

Argued Sept. 7, 1989.
Decided Sept. 15, 1989.

---

**1106**

Gary M. Growe (orally), Bangor, for appellant.

Edward S. David (orally), Cloutier, Joyce, Dumas & David, Livermore Falls, guardian ad litem.

Anita M. St. Onge (orally), Meris Bickford, Asst. Attys. Gen., Dept. of Human Services, Augusta, Mary Flint (orally), Farmington, for appellees.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

Appellant Paul W., Sr., father of the two young children involved in this case, appeals from a final child protection order issued by the District Court (Farmington, *Benoit, J.*) and affirmed by the Superior Court (Franklin County, *Brody, C.J.*) awarding custody of both children to the Department of Human Services (DHS).[1] The father contends that the evidence presented before the District Court was insufficient to support the court's finding that both children were in jeopardy as defined by 22 M.R.S.A. § 4002(6) (Supp.1988) and therefore insufficient to allow the court to grant the final protection order under *id.* § 4035. We do not agree.

Paul Jr. was two years and ten months of age when in June 1987 his mother took him to the emergency room of the local hospital because she suspected that his father had sexually abused him. The examining physician found evidence of anal pen-etration and admitted Paul Jr. to the hospital for the child's own protection. During his stay in the hospital, Paul Jr. was interviewed by a deputy sheriff and a DHS caseworker. Using anatomically correct dolls, Paul Jr. demonstrated what his father had done to him. His mother later corroborated Paul Jr.'s statements, also reporting that the father had sexually abused her and had physically abused a stepdaughter, then seven years of age.

The District Court's preliminary protection order removed both Paul Jr. and his sister, 19 months his junior, from the custody of their parents and placed them in a foster home. At the time of the final protection hearings in early 1988, the father and mother were divorced and living separately in Massachusetts.

■ In determining the sufficiency of the evidence presented to the District Court, "any finding, whether express or assumed, is tested under the 'clearly erroneous' standard by determining whether there is any competent evidence in the record to support it." *Harmon v. Emerson*, 425 A.2d 978, 981 (Me.1981). With regard to Paul Jr., the District Court based its finding of jeopardy on physical evidence of anal penetration and on the child's statements, corroborated by the physical evidence and testimony of the mother, the foster mother, and the maternal aunt. The examining physician testified that "I would have reported [the abuse] myself if [the mother] had not." There was no clear error in the District Court's finding of jeopardy with regard to Paul Jr.

■ The evidence also supports the District Court's finding that the younger daughter was in jeopardy. The record offers competent evidence that the father had physically abused a seven-year-old stepdaughter and had sexually abused both his wife and young son. Furthermore, the psychologist called by the father testified that in situations in which one child has been sexually abused, it is possible that another child could be abused upon reach-

---

[1]. On appeal the mother through counsel filed a brief as an appellee and argued orally in support of the District Court's award of custody to DHS. The guardian ad litem for the children did not appeal or file a brief, but did appear at oral argument to support the father's position.

ing the age at which the first sibling suffered abuse. In sum, the evidence bespeaks a threat of serious harm to the younger child as well and justifies the District Court's finding by a preponderance of the evidence that she was in jeopardy.

The entry is:

Judgment affirmed.

All concurring.