1998 ME 236

**In re THOMAS B. et al.**

Supreme Judicial Court of Maine.

Argued Oct. 8, 1998.
Decided Oct. 29, 1998.

E. Christopher L'Hommedieu (orally), Lewiston, for appellant.

Andrew Ketterer, Attorney General, Janice S. Stuver, Asst. Atty. Gen., Carrie L. Linthicum, Asst. Dist. Atty., Augusta, for appellee.

Margaret T. Johnson, Presque Isle, Guardian ad Litem.

Francis E. Bemis, Presque Isle, for father.

Before CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

SAUFLEY, Justice.

[¶ 1]  The mother of Thomas and Anthony B. appeals from an order of the Superior Court (Aroostook County, *Pierson, J.*) affirming an order of the District Court (Presque Isle, *Griffiths, J.*) issuing a final child protection order that, *inter alia*, placed custody of the boys with the Department of Human Services.  On appeal she argues that the District Court erred:  (1) by finding by a preponderance of the evidence that Thomas and Anthony were in circumstances of jeopardy to their health or welfare, (2) by reopening the record to admit additional evidence in the form of the assault conviction of her fiancé, Dan B., and (3) by failing to recuse himself when told during the hearing that he had once represented Dan B. in an unrelated matter.  We affirm the decision of the District Court.[1]

[¶ 2]  A final protection order may issue if the District Court finds that the children are in circumstances of jeopardy to their health or welfare.  *See* 22 M.R.S.A. § 4035 (1992 & Supp.1997).  When, as here, the Superior Court acts as an intermediate appellate court, we directly review the decision of the District Court.  *See Department of Human Servs. v. Sabattus*, 683 A.2d 170, 171 (Me.1996).  On appeal of a final child protection order, when "determining the sufficiency of the evidence presented to the District Court, 'any finding, whether express or assumed, is tested under the "clearly erroneous" standard by determining whether there is any competent evidence in the record to support it.'"  *In re Paul W.*, 563 A.2d 1105, 1106 (Me.1989) (quoting *Harmon v. Emerson*, 425 A.2d 978, 981 (Me.1981)).

[¶ 3]  The District Court heard testimony from twelve witnesses, among them Drs. Jonathan Friedman and Franklin Thompson, psychologists who evaluated the children.  Dr. Friedman testified that both children reported high levels of violence in the home and both showed extreme levels of social anxieties.  Dr. Friedman testified that Thomas, age 12, was already showing signs of obsessive-compulsive disorder, and Dr. Thompson testified that Anthony, age 10, had the lowest level of self-esteem he had ever observed, which in his opinion was caused by "life experience."  Dr. Friedman also evaluated the mother, concluding that she had a narcissistic personality disorder, that she had difficulty bonding with her children, and that it was likely she would put her needs ahead of those of her children.  DHS also presented evidence that the mother failed to appreciate the harm to her children caused by allowing her fiancé, Dan B., to administer a "spanking" so forceful that it left bruises on Anthony's buttocks.

[¶ 4]  "Jeopardy" is defined by statute to mean "serious abuse or neglect," as evidenced by, *inter alia*, "[s]erious harm or threat of serious harm."  22 M.R.S.A. § 4002(6)(A) (1992).  "Serious harm" is defined to include, in addition to "serious injury":

> Serious mental or emotional injury or impairment which now or in the future is likely to be evidenced by serious mental, behavioral or personality disorder, including severe anxiety, depression or withdrawal, untoward aggressive behavior, seriously delayed development or similar serious dysfunctional behavior.

22 M.R.S.A. § 4002(10) (1992).  According to the testimony of experts, both boys have shown evidence of such "serious mental or emotional injuries."  The evidence presented, therefore, was certainly sufficient to support the District Court's findings and its conclusion that the boys were in circumstances of jeopardy to their health or welfare.

[¶ 5]  The mother also asserts that the District Court erred by reopening the

---

1.  DHS has also moved to dismiss the appeal as moot because, during the pendency of this appeal, the father sought and received custody of the children through an amendment to the divorce decree and DHS has placed the children with their father.  Contrary to DHS's argument, the amendment to the divorce decree does not render this appeal moot.  The order entered under 22 M.R.S.A. § 4035 (1992 & Supp.1997) takes precedence over any order entered pursuant to the court's authority under Title 19.  See 22 M.R.S.A. § 4031(3) (Supp.1997).  Accordingly, even if we were to dismiss the appeal, the child protection order would nonetheless remain valid.  Nothing in this opinion, however, would prevent the District Court from dissolving the child protection order on DHS's motion or on agreement of the parties.

evidence to admit the assault conviction of the mother's fiancé, Dan B. The decision to reopen a record is left to the sound discretion of the trial judge, and we conclude that the court acted within that discretion. *See Glidden v. Belden,* 684 A.2d 1306, 1316 (Me.1996). Unfortunately, the purpose for which the conviction was offered is not clear from the record. If offered for certain purposes—*e.g.* as evidence of information available to the mother regarding the safety of her children—the misdemeanor conviction may have been admissible. Under other circumstances, however, its admission would be error. *See Morrell v. Marshall,* 501 A.2d 807, 808–09 (Me.1985); *cf.* M.R. Evid. 803(22) (providing specific exception to hearsay rule only for felony convictions). To the extent its admission was error, we find that error was harmless. *See Lawton v. Richmond,* 1997 ME 34, ¶ 14, 690 A.2d 953, 956. There was compelling evidence in the record to support the District Court's findings, even without the additional evidence of the conviction.

[¶ 6] Finally, the argument that the trial judge erred in failing to recuse himself, where neither party sought recusal after being apprised that the judge may have represented one of the witnesses years ago, is without merit.

The entry is:

Judgment affirmed.

