1999 ME 70

TOWN OF POWNAL

v.

George ANDERSON et al.

Supreme Judicial Court of Maine.

Argued April 5, 1999.

Decided April 29, 1999.

John F. Shepard Jr. (orally), Shepard & Shepard, Freeport, for plaintiff.

John W. Conway, Linnell, Choate & Webber, Auburn, for defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

SAUFLEY, J.

[¶ 1] George and Janice Anderson appeal from an order of the Superior Court (Cumberland County, *Brennan, J.*) vacating a judgment of the District Court (Portland, *Beaudoin, J.*) and remanding the matter for entry of judgment in favor of the Town of Pownal in its forcible entry and detainer action against the Andersons. On appeal, the Andersons argue that the Town is not entitled to possession of the properties at issue because it failed to follow the required procedure for establishing and foreclosing on tax liens on those properties, and therefore that the Town cannot eject them through a forcible entry and detainer action. We affirm in part and vacate in part.

## I. BACKGROUND

[¶ 2] The Town of Pownal filed this forcible entry and detainer action to eject George and Janice Anderson from properties designated as Lots 44 and 45 on map nine in the Town's tax assessment plans. The Town claimed that it had previously established and foreclosed on tax liens on those properties due to the Andersons' failure to pay the assessed property taxes in 1992. In response, the Andersons asserted that the Town had contracted with the Andersons to reconvey the property to them in exchange for payment of certain sums. Alternatively, the Andersons alleged that the Town made several mistakes in the process of establishing and foreclosing on its 1992 tax liens and that those mistakes prevented the Town from acquiring title to the properties, thereby defeating the Town's forcible entry and detainer action.

[¶ 3] The District Court found that the Andersons failed to prove their contract claim. It found in favor of the Andersons, however, on their allegations regarding defects in the establishment and foreclosure of the tax liens. It therefore concluded that the Town was not entitled to immediate possession of the properties, and it entered judgment in favor of the Andersons in the Town's forcible entry and detainer action.

[¶ 4] After the District Court denied the Town's ensuing motion to amend the judgment, the Town appealed to the Superior Court. The Superior Court entered an order vacating the judgment of the District Court and remanding the matter for entry of judgment in favor of the Town. The Andersons appeal that judgment to this Court. They do not challenge the District Court's finding that no contract existed between the parties requiring the Town to reconvey the properties to the Andersons. They ask us, rather, to vacate the Superior Court's judgment, which set aside the District Court's determination that the Town did not properly perfect or foreclose on its tax liens. Because the Superior Court acted as an intermediate appellate court, we directly review the decision of the District Court. *See In re Thomas B.,* 1998 ME 236, ¶ 2, 719 A.2d 529.

## II. DISCUSSION

■ [¶ 5] A forcible entry and detainer action is " 'a summary proceeding to decide who is entitled to the immediate possession of land.' " *Tozier v. Tozier,* 437 A.2d 645, 647 (Me.1981) (quoting *Bicknell Mfg. Co. v. Bennett,* 417 A.2d 414, 421 (Me.1980)). In this matter, the determination of title is dispositive of the right to immediate possession.

If the Town failed to perfect its title through the tax lien process, the Andersons remain entitled to immediate possession of the property. If, on the other hand, the Town properly obtained title through the lien process, the Town is entitled to immediate possession of the property.

■■■ [¶ 6] We will not overturn the District Court's findings of fact unless they are clearly erroneous. *See White v. Zela,* 1997 ME 8, ¶ 3, 687 A.2d 645. The construction of the tax lien statutes on which the Town bases its claim of title, however, is a question of law that we review de novo. *See Coker v. City of Lewiston,* 1998 ME 93, ¶ 6, 710 A.2d 909; *Franklin Property Trust v. Foresite, Inc.,* 438 A.2d 218, 221 (Me.1981).

A. Lot 45

■■ [¶ 7] At trial, it was undisputed that George Anderson was the sole owner of Lot 45. Janice Anderson did not claim to have any rights of ownership, recorded or not, to that lot. The Town filed a tax lien certificate claiming a lien on Lot 45, which listed George Anderson as the owner of that property. George Anderson received the required notice and did not pay the overdue taxes on the property within the period of redemption. *See* 36 M.R.S.A. § 943 (1990).

■■ [¶ 8] Nonetheless, the District Court held that the lien on Lot 45 was void because the tax lien certificate did not sufficiently identify the property that was the subject of the lien.[1] We disagree. We have adopted a functional test for determining the sufficiency of property descriptions in recorded lien certificates. *See Aucella v. Town of Winslow,* 564 A.2d 68, 69 (Me.1989). Generally, " 'the lands must be so described that they can be identified with reasonable certainty and the descriptions must be certain or refer to something which can be made certain.' " *Nadeau v. Town of Oakfield,* 572 A.2d 491, 492 (Me.1990) (quoting *Oceanic Hotel Co. v. Angell,* 143 Me. 160, 162, 57 A.2d 143 (1948)); *see* 36 M.R.S.A. § 552 (1990).

[¶ 9] The lien certificate purporting to establish a tax lien on Lot 45 provided the following description of the property:

MAP *9*, PARCEL *45* OF THE ASSESSMENT PLANS, POWNAL, MAINE, DATED APRIL 1, 1974. REVISED TO APRIL 1, 19*92* DRAWN BY JOHN E. O'DONNELL & ASSOC., AUBURN, MAINE AND ON FILE AT THE TOWN OFFICE.
DEED RECORDED AND COUNTY REGISTRY OF DEEDS, BOOK ___ PAGE ___.

This description sufficiently identified the property at issue. We have found similar descriptions sufficient in the past to identify properties with reasonable certainty. *See Hamm v. Town of Medway,* 644 A.2d 1388, 1389–90 (Me.1994); *Aucella,* 564 A.2d at 68; *Davis v. City of Ellsworth,* 281 A.2d 138, 139 (Me.1971).

[¶ 10] Moreover, neither Janice nor George effectively raised the sufficiency of the description as a defect in the Town's process. Indeed, the parties stipulated to the entry of the Town's tax map into evidence and agreed that Lots 44 and 45 represented the lots at issue. The only serious challenge to the description arose when Janice became confused in her testimony regarding the properties that the Town's identification of the lots was challenged. Janice testified that she left all of the matters pertaining to the Andersons' real estate holdings in the hands of her husband George. Her personal confusion about the deeds and tax map did not render the Town's description of the property insufficient. Because the property was described in a manner that allowed its identification with reasonable certainty, the Town has complied with its responsibilities.

■■■ [¶ 11] Thus, the description of Lot 45 was sufficient to satisfy the functional test. Because the Town complied with the statutory procedure for establishing and foreclosing on the lien on Lot 45, and therefore acquired title and an immediate right to possess that property, the Town was entitled

---

**1.** The District Court's precise holding as to Lot 45 was made clear after the entry of judgment, when the Town requested further findings of fact and conclusions of law. The court found that it was "unable to determine which portions of lots 44 & 45 on the Pownal tax maps are owned only by George Anderson and which portions are owned by George & Janice Anderson."

to judgment in its favor in its forcible entry and detainer action with respect to Lot 45.

### B. Lot 44

[¶ 12] On appeal before the Superior Court, the Town, for the first time, raised the argument that Janice Anderson was not a record owner of Lot 44. The Town now contends that the deed naming George and Janice Anderson as joint tenants of Lot 44 had not been recorded in the Registry of Deeds. The Town, however, failed to make this argument before the District Court, where neither party disputed that Janice Anderson was a joint owner of Lot 44. In fact, in its complaint commencing this action, the Town actually relied upon the deed it now challenges, and the same deed was admitted into evidence pursuant to a stipulation, with no question as to whether it had been properly recorded. The District Court's finding that Janice Anderson was a record owner of Lot 44 is, therefore, amply supported by the record, and we do not disturb that finding on appeal.

[¶ 13] The Andersons assert that the Town failed to comply with statutory requirements regarding Lot 44 in at least three respects: First, they argue that the Town failed to notify Janice Anderson of the filing of the tax lien; second, they argue that Janice Anderson was not named on the lien certificate as a joint owner; and third, they again argue that the description of the property on the tax lien certificate was insufficient to allow the property to be identified with reasonable certainty.[2]

[¶ 14] This area of law requires careful attention to statutory requirements by both the Town and the taxpayer. Just as the taxpayer may lose her property if she fails to be vigilant in complying with the requirements, *see Fitzgerald v. City of Bangor,* 1999 ME 50, ¶ 17, 726 A.2d 1253, so must the Town strictly adhere to its requirements. *See Dubois v. City of Saco,* 645 A.2d 1125, 1127 (Me.1994); *Blaney v. Inhabitants of Shapleigh,* 455 A.2d 1381, 1387 (Me.1983);

*Arsenault v. Inhabitants of Roxbury,* 275 A.2d 598, 599–600 (Me.1971). Only if departure from the statutory requirements is explicitly allowed by statute will such departure be tolerated. *See Avco Delta Fin. Corp. v. Town of Whitefield,* 295 A.2d 921, 924 (Me. 1972).

[¶ 15] Here the District Court held that the purported lien was void because the Town failed to mail Janice Anderson a copy of the lien certificate on Lot 44, as required by 36 M.R.S.A. § 942. The Town responds that it was not required to provide Janice Anderson with a true copy of the lien certificate on Lot 44, citing 36 M.R.S.A. § 555, which provides:

> A tenant in common or a joint tenant may be considered sole owner for the purposes of taxation, unless he notifies the assessors what his interest is.

36 M.R.S.A. § 555 (1990). The Town contends that it was permitted by section 555 to consider only one joint tenant—George Anderson—as sole owner of the property for purposes of establishing and foreclosing on its claimed tax lien. This argument, however, mistakes the import of section 555, which merely permits a municipality, in certain circumstances, to *assess* property taxes to one joint tenant and to hold him solely responsible for the payment of those taxes. It does not speak to the procedure for enforcing a lien on the property when taxes are delinquent. Section 555 therefore cannot be used as support for the proposition that a municipality may ignore the rights of an owner of record when it establishes or forecloses on a tax lien on the property.

[¶ 16] On the contrary, if a municipality has not assessed property taxes to a joint tenant who is a record owner, 36 M.R.S.A. § 942 plainly requires the Town to inform that joint tenant that a tax lien is claimed on her property. That statute, which sets forth the requirements for establishing a valid tax lien, provides:

---

**2.** As we did with respect to the lien certificate purporting to establish a lien on Lot 45, we hold that the description of the property contained in the lien certificate for Lot 44 was sufficient to

identify the property with reasonable certainty. *See Hamm,* 644 A.2d at 1389–90; *Aucella,* 564 A.2d at 68; *Davis,* 281 A.2d at 139.

If the real estate has not been assessed to its record owner, the tax collector shall send by certified mail, return receipt requested, a true copy of the tax lien certificate to the record owner.

36 M.R.S.A. § 942 (Supp.1998). Because Lot 44 had not been assessed to Janice Anderson by the Town, the Town had an obligation under section 942 to mail her a copy of the lien certificate before a valid lien on Lot 44 could be established. *See Blaney,* 455 A.2d at 1387. The District Court therefore correctly held that section 942 applied to the Town.

 [¶ 17] The Town's failure to fulfill this obligation, however, was not necessarily fatal to the establishment of its claimed tax lien. When a municipality has failed to provide a record owner with the required lien certificate, but the record owner has actual knowledge of the claimed lien, the following statutory provision applies:

> After the expiration of the 18–month period for redemption, [which follows the filing of the lien certificate,] ... the owner of record if the said real estate has not been assessed to him ... shall, *in the event the notice provided for ... said owner has not been given as provided in section 942,* have the right to redeem the said real estate *within 3 months after receiving actual knowledge of the recording of the tax lien certificate* by payment or tender of the amount of the tax lien mortgage, together with interest and costs.

36 M.R.S.A. § 943 (1990) (emphasis added). The plain implication of this language is that, when the record owner has actual knowledge that the Town has claimed a tax lien by filing a lien certificate at the Registry of Deeds, the Town's failure to mail the record owner a

copy of the lien certificate does not render the claimed lien void. *See Avco Delta,* 295 A.2d at 926–27. Because the District Court found that Janice Anderson had actual knowledge of the lien certificate for Lot 44 that was mailed to George Anderson, the Town's failure to mail Janice a copy of the lien certificate was not fatal to the establishment of the lien on Lot 44.[3]

[¶ 18] The Andersons argue, however, that even if the purported lien on Lot 44 was not void because of the Town's failure to mail a copy of the lien certificate to Janice Anderson, the lien was nonetheless void because Janice Anderson was not listed as a record owner on the face of the lien certificate itself. We agree.

[¶ 19] In *Cary v. Town of Harrington,* 534 A.2d 355 (Me.1987), we held that, to establish a valid tax lien on real property, the tax lien certificate must contain the name of the property's record owner. *See id.* at 358 (finding this requirement implicit in 36 M.R.S.A. §§ 942 & 943).[4] We have therefore held a tax lien invalid where the lien certificate incorrectly referred to the record owner of the property as "Cary Campbell" instead of "Campbell Cary," and suggested that "[a]lthough actual knowledge on the part of Cary, if established, might [have] satisf[ied] the requirements of notice, it would not [have] demonstrate[d] compliance with the recording requirements." *See id.*

 [¶ 20] Here, although the Town's failure to send a true copy of the tax lien certificate to Janice Anderson did not result in the failure of the tax lien on Lot 44, the absence of Janice Anderson's name on the lien certificate did render the purported lien invalid.[5] The failure to properly name a

---

**3.** The record does not reflect any attempt by Janice Anderson to redeem Lot 44 within the extended period of redemption allowed under 36 M.R.S.A. § 943.

**4.** One reason for this requirement is that "Maine's recording system ... indexes transfers of property, including tax lien mortgages, alphabetically by the names of the grantor and grantee." *Cary,* 534 A.2d at 358. *See generally* 33 M.R.S.A. §§ 651–670 (1999) (Records and Recording).

**5.** The Town did not assert on appeal that it had separately perfected its lien against George as to Lot 44. Therefore, we do not reach the question whether a defect in the process as to only one joint owner may allow a municipality to proceed against the other owner who has been properly named and notified. *See Blaney,* 455 A.2d at 1387 (holding that a municipality's failure to provide one joint tenant with a true copy of a recorded lien certificate was fatal to the establishment of a tax lien on both joint tenants' interests in the property). *But see Szelenyi v. Miller,* 564 A.2d 768, 770 (Me.1989) (holding that a lien created by a judgment against one joint

record owner of the property on the tax lien certificate rendered the lien void even when that unnamed owner had actual knowledge of the lien's existence. *See id.* at 358. Although the Town argues that the lien would have been found under George's name in a title search, the lien naming only George would be insufficient to put a title examiner on notice that Janice Anderson's interest in Lot 44 was encumbered by the lien. Thus, despite the fact that Janice Anderson had actual knowledge of the tax lien, we hold that the purported lien on Lot 44 was void.

[¶ 21] We therefore vacate the judgment of the Superior Court with respect to Lot 44 and affirm the judgment of the Superior Court with respect to Lot 45.

The entry is

Remanded to the Superior Court for remand to the District Court for entry of forcible entry and detainer in favor of the Town of Pownal as to Lot 45 and entry of judgment in favor of George and Janice Anderson as to Lot 44.

tenant only attaches to that tenant's interest in the jointly-owned property).