2011 ME 103

**TOWN OF BLUE HILL**

v.

**Dorothy LEIGHTON.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 27, 2011.

Decided: Oct. 25, 2011.

Lynn Williams, Esq., Bar Harbor, for appellant Dorothy Leighton.

Diane S. O'Connell, Esq. Ellsworth, for appellee Town of Blue Hill.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

ALEXANDER, J.

[¶ 1]  Dorothy Leighton appeals from a judgment of the Superior Court (Hancock County, *Cuddy, J.*), vacating a forcible entry and detainer judgment in her favor entered by the District Court (Ellsworth, *Staples, J.*).  In vacating the District Court judgment, the Superior Court remanded the matter for entry of judgment and issuance of a writ of possession in favor of the town of Blue Hill. On appeal, Leighton contends that the Town was required, as a matter of law, to prove that it holds current title to the property at issue in the forcible entry and detainer action.

[¶ 2]  Because the Town produced evidence that it held title superior to Leigh-

ton by virtue of the 1991 statutorily-foreclosed tax lien mortgage on the property, the Town presented sufficient evidence that it was entitled to possession in the forcible entry and detainer action. Accordingly, we affirm the judgment of the Superior Court.

## I. CASE HISTORY

[¶ 3] The record indicates the following case history, most of which is not disputed. Dorothy Leighton has been residing in the property located at 8 Mill Pond Lane (the Property) in Blue Hill. Leighton has not paid any taxes on the Property since at least 1991. On August 21, 1991, the town of Blue Hill recorded a tax collector's lien certificate pursuant to 36 M.R.S.A. § 942 (1990) and § 943 (1990 & Pamph.1992), naming Leighton as the Property owner. Leighton did not pay any of the outstanding property taxes, the statutory eighteen-month period of redemption closed, and the lien was foreclosed upon pursuant to statute in early 1993. The Town did not then seek to take possession and remove Leighton from the Property.[1] The Town continued to send Leighton tax assessments annually, and copies of new tax lien certificates for the unpaid taxes, until at least 1997.[2]

[¶ 4] In June 2010, after serving Leighton with a notice to vacate the Property, the Town filed a complaint against Leighton for forcible entry and detainer (FED) pursuant to 14 M.R.S. § 6001(1) (2010), seeking possession of the Property and costs. On July 19, 2010, the District Court held a hearing after which it entered a judgment in Leighton's favor. The court issued written findings, the last of which was that the Town's having continued to assess Leighton for taxes until at least 1997 and to send her copies of lien certificates for the delinquent taxes "could be deemed a waiver of its right to foreclose upon the lien noted above and therefore there is an issue of whether the Town actually owns the property."

[¶ 5] The Town filed a motion to alter or amend the judgment and for reconsideration pursuant to M.R. Civ. P. 59(e), which the court denied.[3] The Town filed an appeal to the Superior Court pursuant to M.R. Civ. P. 80D(f)(1), challenging both the District Court's July 19, 2010, judgment and its subsequent denial of the Town's motion to alter or amend the judgment.

[¶ 6] The Superior Court, applying *Dolloff v. Gardiner*, 148 Me. 176, 91 A.2d

---

1. Although not relevant to the law applicable in this appeal, it provides context to note that much of the hearing centered around Leighton's testimony that she has certain disabilities for which she receives SSI benefits and that it would be traumatic for her to leave her home. Evidence admitted at trial shows that the Town informed Leighton in 2009 that she would need to vacate the Property unless she reacquired it and that the Town made subsequent and significant efforts to help Leighton to relocate.

2. The Town tax collector testified at the District Court hearing that, because the taxpayer has eighteen months to pay taxes on property subject to the tax lien before the lien is statutorily foreclosed, she would file another tax lien certificate the following (intervening) tax

year if the taxes were not paid. After the eighteen-month redemption period ended, the Town would continue to send out tax assessments—listing the Town as the taxpayer—to the person in possession of the property, which enabled the Town to be more flexible in allowing the former property owner to remain in possession and have an opportunity to pay taxes owed and get the property back. This practice ended in 2009 when a Town ordinance was changed. As of the District Court hearing, Leighton owed $30,000 in back taxes, including principal and fees.

3. Leighton also filed a request for clarification of the court's judgment, which the court, in effect, denied other than to reiterate that the Town failed to show that it held title to the property.

320 (1952), vacated the District Court's judgment and remanded the matter to the District Court with instructions to issue a writ of possession in favor of the Town. Leighton timely appealed from the Superior Court's judgment.

## II. LEGAL ANALYSIS

■ [¶ 7] When, as here, the Superior Court acts as an intermediate appellate court, and not through an appeal for a jury trial de novo, *see* M.R. Civ. P. 80D(f)(2), we review directly the District Court's judgment for errors of law. *Union River Assocs. v. Budman,* 2004 ME 48, ¶ 8 & n. 2, 850 A.2d 334; M.R. Civ. P. 80D(f)(1), (2)(A).

■ [¶ 8] A forcible entry and detainer claim is a statutory action. 14 M.R.S. §§ 6001–6016 (2010). It is "a summary proceeding to decide who is entitled to the immediate possession of land." *Town of Pownal v. Anderson,* 1999 ME 70, ¶ 5, 728 A.2d 1254; *Tozier v. Tozier,* 437 A.2d 645, 647 (Me.1981). Although resolution of the issue of possession sometimes turns on a determination as to who holds title to the property, an FED action "is not a plenary action to quiet title to land." *Tozier,* 437 A.2d at 647.[4]

■ [¶ 9] The issue to be resolved in this FED action is whether the Town met its burden of showing that it holds title superior to Leighton and, therefore, has shown that it was entitled to immediate possession of the Property. *See Frost Vacationland Props., Inc. v. Palmer,* 1999 ME 15, ¶ 8, 723 A.2d 418 (stating that a court's adjudication as to title relates only to the question of which of the parties to the action may have superior title to provide a basis for determining which party has the right to immediate possession).

■■ [¶ 10] A party seeking possession of real property to the exclusion of another in an FED action must allege and prove sufficient facts to bring itself within the terms and conditions of 14 M.R.S. § 6001. *Rubin v. Josephson,* 478 A.2d 665, 667 (Me.1984). Neither section 6001 nor the succeeding sections of the FED statute, 14 M.R.S. §§ 6002–6014 (2010), to the extent they apply, address the plaintiff's burden of production and proof. Our opinions applying the FED statute and the tax lien mortgage provisions at 36 M.R.S.A. §§ 942–943 as they existed in 1991 to 1993 support the conclusion that, once a plaintiff makes a prima facie showing of title pursuant to 36 M.R.S.A. § 943, the burden is on the opposing party to rebut that showing. *See Gray v. Hutchins,* 150 Me. 96, 104, 104 A.2d 423 (1954) (holding that, having raised the question of title, the defendant failed to show a better title than that of the plaintiff, and additionally, the evidence did not overcome the statutory "prima facie effect of the recorded lien certificate"); *see also Town of Pownal,* 1999 ME 70, ¶¶ 5, 10, 11, 728 A.2d 1254.

[¶ 11] Here, the Town met its burden of showing that it acquired title to the Property through its compliance with the provisions of 36 M.R.S.A. § 942 in recording the 1991 tax lien certificate and by operation of 36 M.R.S.A. § 943. The evidence supports a determination, and Leighton does not dispute, that the Town properly recorded a tax lien certificate on the Property in 1991, creating a tax lien mortgage on the Property, and that Leighton failed to exercise her right of redemption within the eighteen-month period following the recording of that tax lien. *See* 36 M.R.S.A. § 943. By operation of statu-

---

4. Leighton has not argued that she holds title to the Property, which would have required her to file a responsive pleading pursuant to M.R. Civ. P. 80D(d), which she did not do. She argues only that the Town failed to show that it holds current title.

tory law, Leighton's right of redemption then expired, the tax lien mortgage was foreclosed, and the Town became the title owner of the Property. *See id.*

■ [¶ 12] Upon expiration of the redemption period in February 1993, the tax lien mortgage became "prima facie evidence in all courts in all proceedings by and against the municipality . . . of the title of the municipality to the real estate therein described." [5] 36 M.R.S.A. § 943; *accord Ly v. Lafortune,* 2003 ME 119, ¶ 5, 832 A.2d 757 ("[Sections 942 and 943] vest full title in the municipality when the redemption period expires."); *Gray,* 150 Me. at 99–100, 104 A.2d 423; *see also Town of Pownal,* 1999 ME 70, ¶¶ 5, 11, 728 A.2d 1254 (stating that, in that case, the determination of who had title to the property was dispositive of the right of immediate possession, and holding that, because the town complied with statutory procedure for foreclosing on the lien, it acquired title and an immediate right of possession). The unopposed and unredeemed tax lien mortgage also becomes prima facie evidence "of the regularity and validity of all proceedings with reference to the acquisition of title by such tax lien mortgage and the foreclosure thereof." 36 M.R.S.A. § 943.

■ [¶ 13] Contrary to Leighton's argument, there is no indication in the relevant statutory provisions or case law that the Town bore any burden to affirmatively demonstrate that it is the current titleholder of the Property. Having shown that the provisions of sections 942 and 943 were complied with, the Town established, subject to rebuttal, that it holds title to the Property. *See* 36 M.R.S.A. § 943. Leighton offered no legally sufficient rebuttal.

[¶ 14] The District Court also erred as a matter of law when it concluded that, notwithstanding the Town's compliance with the requirements of 36 M.R.S.A. §§ 942 and 943, the Town failed to meet its burden of showing its ownership of the Property because its action in assessing Leighton property taxes for years after filing the 1991 tax lien certificate and sending her copies of tax liens for those years "could be deemed a waiver of its right to foreclose upon the [1991] lien."

[¶ 15] Our opinion in *Dolloff v. Gardiner,* 148 Me. 176, 91 A.2d 320 (1952), is on point. In *Dolloff,* the purported property owner claimed that the town waived its rights under its properly recorded tax lien certificates by filing successive tax lien certificates for tax years 1938 to 1939, 1941, and 1943 through 1948. *Id.* at 178, 180, 182, 91 A.2d 320. We held that the filing of successive tax liens did not effect a waiver of the town's rights under any of the tax lien certificates because (1) general rules of law governing waiver are not applicable to the town, acting as it did with respect to "the collection of public taxes," and (2) "[a]n examination of the statutes governing the filing of tax liens in statutory tax proceedings discloses that the filing of each tax lien certificate in the Registry of Deeds creates a mortgage in favor of the town." [6] *Id.* at 181–82, 91 A.2d 320.

[¶ 16] In sum, *Dolloff* held:

Applying the rules of law set forth herein to the instant case and giving effect to the applicable statutes leads to but one conclusion, namely, that on the

---

5. "Prima facie evidence" means evidence that, if unrebutted or unexplained, is "sufficient to maintain the proposition." *Hann v. Merrill,* 305 A.2d 545, 550 (Me.1973).

6. Although the opinion notes in dicta that the town also acted in certain ways that were

inconsistent with a finding of waiver (such as by its selling the hay on the property in 1948), the town's actions did not form the basis of the holding. *Dolloff v. Gardiner,* 148 Me. 176, 180–84, 91 A.2d 320 (1952).

record and exceptions the town of Knox not only did not waive any rights by the action of the assessors in taxing the property in successive years but it did not acquire any rights to which the law of waiver would apply and inasmuch as the title herein involved is derived from the assessment and collection of taxes by the operation of the statutes, which matters are not in the control of said town, there can be no [defense of waiver] under our decisions.

*Id.* at 188, 91 A.2d 320; *see also Gray,* 150 Me. at 100–01, 104 A.2d 423; 10 Eugene McQuillin, *The Law of Municipal Corporations* § 28.72, at 286 (3d ed. rev.2009) ("Generally, the mere levy and collection of taxes on property by the municipality does not estop it from asserting title to such property.").

[¶ 17] Accordingly, the District Court erred as a matter of law in deciding that the Town failed to demonstrate superior title and that it did not meet its burden of showing its right to immediate possession of the Property.

The entry is:

Judgment of the Superior Court affirmed.