MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:    2019 ME 86
Docket:      Cum-18-365
Argued:      April 9, 2019
Decided:     June 4, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

CAPE SHORE HOUSE OWNERS ASSOCIATION et al.

v.

TOWN OF CAPE ELIZABETH et al.

HJELM, J.

[¶1]  In this zoning dispute between owners of abutting parcels of property located in Cape Elizabeth, Cape Shore House Owners Association and Constance Jordan (collectively, Cape Shore) appeal from a judgment of the Superior Court (Cumberland County, *L. Walker, J.*) dismissing their claim for a declaratory judgment.  Because the court did not err by dismissing that claim as duplicative of Cape Shore's appeal from municipal action filed pursuant to Maine Rule of Civil Procedure 80B, which was included in the same complaint, we affirm the judgment.

## I. BACKGROUND

[¶2] The following facts are drawn from the administrative and procedural records. *See Appletree Cottage, LLC v. Town of Cape Elizabeth*, 2017 ME 177, ¶ 2, 169 A.3d 396.

[¶3] Cape Shore owns a parcel of land that abuts a parcel owned by Alan and Mara DeGeorge. In May of 2017, the DeGeorges applied to the Cape Elizabeth Zoning Board of Appeals for permission to raze an existing house located on their property and to build a new one. The house they wanted to remove was a nonconforming structure, *see* Cape Elizabeth, Me., Zoning Ordinance § 19-1-3 (Nov. 5, 2016) (defining nonconforming building), and was located within Cape Elizabeth's Shoreland Performance Overlay District (SPOD), *see id.* § 19-6-11(A).

[¶4] Later that month, the ZBA conducted a hearing on the DeGeorges' application. At the hearing, the DeGeorges presented evidence that the replacement house would be within the footprint of the existing building but would include a new, partial third story that would increase the existing building's elevation by seven feet, to approximately thirty feet.[1] Testifying at

---

[1] The minutes of the hearing on the DeGeorges' application show that a representative of the DeGeorges told the ZBA that "the height . . . increases seven feet for the middle third" of the proposed structure and that he "believed the elevation [of the proposed structure] to be 30 feet." The ZBA found that the height of the new house would be more than thirty feet but less than the thirty-five-foot

the hearing as an abutting property owner, Cape Shore asserted that because the DeGeorges sought to replace a nonconforming building located within the SPOD with a new structure that was larger in some respects, the ZBA was required to consider the effect that the proposed construction would have on views, *see id.* § 19-4-4(B)(1) to (3). On that basis, Cape Shore opposed the DeGeorges' application because, it contended, the increased height of the proposed structure would "greatly affect" its views, including its view of the water. At the conclusion of the hearing, the ZBA unanimously approved the DeGeorges' application.

[¶5] Following the issuance of the ZBA's decision, Cape Shore filed what became a three-count complaint against the Town of Cape Elizabeth and the DeGeorges.[2] Count 1 was a request for judicial review of the ZBA's approval of the DeGeorges' application. *See* M.R Civ. P. 80B. In Count 2, Cape Shore

---

maximum height allowed by the ordinance. *See* Cape Elizabeth, Me., Zoning Ordinance § 19-6-11(E)(2) (Nov. 5, 2016).

[2] Cape Shore's original complaint contained a single count, which alleged that the decision of the ZBA to approve the DeGeorges' application was "arbitrary and capricious, was erroneous as a matter of law, was not based on substantial evidence in the record, [and] constitutes an abuse of discretion"—in other words, grounds typically associated with a Rule 80B appeal. *See, e.g.*, *Wolfram v. Town of N. Haven*, 2017 ME 114, ¶ 7, 163 A.3d 835. Cape Shore subsequently filed a brief pursuant to Rule 80B(g) in which it contended that the ZBA's factual findings were inadequate for judicial review and that the ZBA abused its discretion by approving the DeGeorges' proposal "despite the significant impact on views." On the Town's unopposed motion, the court remanded the case to the ZBA for more explicit findings of fact. After the ZBA issued additional factual findings, Cape Shore filed an amended complaint containing the three separate counts described in the text.

asserted an independent claim for a declaratory judgment that section 19-6-11(E)(2) of the Cape Elizabeth Zoning Ordinance, which provides a thirty-five-foot height restriction for expansions of nonconforming buildings within the SPOD, is preempted by a provision of the state's Mandatory Shoreland Zoning Act (MSZA), 38 M.R.S. § 439-A(4)(C)(1) (2018), which, Cape Shore contends, restricts the expansion of nonconforming structures within seventy-five feet of the shore to twenty-feet high or the height of the existing building. Count 3 of Cape Shore's complaint asserted a tort claim against the DeGeorges for trespass.

[¶6] The DeGeorges filed a motion to dismiss the claim for a declaratory judgment in Count 2 as duplicative of the Rule 80B appeal in Count 1 because the relief sought in Count 2 "would be available as part of the direct review under 80B, . . . [and therefore] 80B provides the exclusive method of review." The DeGeorges also moved for the court to dismiss Count 3, arguing that a claim for trespass is not an independent claim that may be joined with a Rule 80B appeal, *see* M.R. Civ. P. 80B(i). Over Cape Shore's objection, the court granted the DeGeorges' motion and dismissed Count 2 as duplicative of Count 1. The court also granted the DeGeorges' motion to dismiss Count 3, leaving only Cape Shore's Rule 80B appeal of the ZBA's decision to be adjudicated. In a separate

order issued later, the court affirmed the ZBA's decision to approve the DeGeorges' application and entered judgment against Cape Shore on Count 1. Cape Shore filed a timely notice of appeal. *See* 14 M.R.S. § 1851 (2018); M.R. Civ. P. 80B(n); M.R. App. P. 2B(c).

## II. DISCUSSION

[¶7]  Cape Shore appeals only the court's dismissal of its independent claim for declaratory judgment in Count 2, where the court acted in its capacity as a trial court and not in an intermediate appellate capacity.[3] *See Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 14, 743 A.2d 237 ("When a complaint seeking review of governmental action is combined with one or more counts alleging causes of action that are independent of the court's review of the governmental action, the court will be called upon to act in two distinct capacities—as an appellate court and as a trial court."); *see also* M.R. Civ. P. 80B(i).  When a claim for purportedly independent relief is joined with an administrative appeal and the court strikes the former as duplicative—as

---

[3]  Cape Shore has waived any claim of error as to the judgment on its Rule 80B appeal in Count 1 of the amended complaint.  *See Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 1 n.1, 970 A.2d 310 (stating that an issue raised in a notice of appeal, but for which no argument is developed in the brief, is "effectively withdrawn . . . , [and] we do not consider the issue on appeal"); *see also Laqualia v. Laqualia*, 2011 ME 114, ¶ 16 n.6, 30 A.3d 838 (declining to consider an argument raised for the first time at oral argument).  Further, Cape Shore does not challenge the court's dismissal of the trespass claim in Count 3 of the amended complaint.

6

the court did here—we review the judgment for an abuse of discretion. *See*

*Kane v. Comm'r of the Dep't of Health and Human Servs.*, 2008 ME 185, ¶¶ 31-32,

960 A.2d 1196; *Adelman v. Town of Baldwin*, 2000 ME 91, ¶¶ 6-7, 750 A.2d 577.

[¶8] A claim for a declaratory judgment is proper in circumstances where

a challenge to a regulation or ordinance is necessary "to resolve a dispute

regarding a planned action, before the matter actually proceeds and the

challenged ordinance is applied to the detriment of the plaintiffs"—in other

words, as an "anticipatory challenge." *Sold, Inc. v. Town of Gorham*, 2005 ME 24,

¶ 14, 868 A.2d 172. *After* a municipal agency has adjudicated a matter,

however, a contention that the decision was erroneous because it infringes

upon some superior legal authority becomes subsumed within "the essence of

matters that must be brought pursuant to Rule 80B to question whether the

particular action of a municipal administrative agency is consistent with the

requirements of law." *Id.* ¶ 13. This is true even when a party asserts that the

challenged ordinance is inconsistent with statutory or constitutional

provisions.[4] *Id.* Therefore, if, pursuant to Maine Rule of Civil Procedure 80B(i),

---

[4] As the Superior Court correctly pointed out in its order dismissing Count 2, the record from the municipal proceeding does not show that Cape Shore challenged the DeGeorges' application on the ground that state law prohibited the height increase proposed for the new construction. Any such failure to raise that issue, however, was not the reason why the court dismissed Count 2; the court made clear that the basis for its order was the duplicative nature of Count 2. The failure to preserve that statutory challenge during the municipal proceeding would bear only on whether, based on the record and arguments presented to the ZBA, the ZBA's decision to grant the DeGeorges' application

a complaint contains both a Rule 80B appeal and an ostensibly independent challenge to the law applied by the municipal body, the latter may properly be dismissed as duplicative if it "relies on the same factual allegations, and seeks the same relief" as the Rule 80B appeal, *Kane*, 2008 ME 185, ¶ 32, 960 A.2d 1196; *see also Adelman*, 2000 ME 91, ¶ 7, 750 A.2d 577.

[¶9]  Here, in Count 2 of its complaint, Cape Shore sought a declaratory judgment that the thirty-five-foot height restriction provided in the Cape Elizabeth Ordinance, which the ZBA applied during its adjudication of the DeGeorges' application, is preempted by the Mandatory Shoreland Zoning Act, 38 M.R.S. § 439-A(4)(C)(1).  That claim, however, was not anticipatory.  Rather, it was presented in the same factual context as the Rule 80B aspect of the complaint, namely, the DeGeorges' application with supporting documents and the record already created at the ZBA hearing.  Further, in the claim for a declaratory judgment, Cape Shore sought action by the court to "invalidate[] the DeGeorges' ZBA approval" on the basis of state law, which in effect was the same relief that Cape Shore requested in its Rule 80B appeal.  Consequently,

---

was erroneous.  As we note in the text, *see supra* ¶ 7, Cape Shore has not argued here that the court erred by affirming the ZBA's decision to grant the application, and, in any event, based on the record before us, any such challenge would be unavailing.  *See Wolfram*, 2017 ME 114, ¶ 7, 163 A.3d 835 (stating the standard of review for an appeal brought pursuant to M.R. Civ. P. 80B(n)).

because Cape Shore's claim for declaratory relief was not independent from its Rule 80B appeal, the court's dismissal of Cape Shore's claim for declaratory judgment as duplicative was not an abuse of its discretion. *See Kane*, 2008 ME 185, ¶ 32, 960 A.2d 1196.

The entry is:

Judgment affirmed.

---

William H. Dale, Esq. (orally), and Mark A. Bower, Esq., Jensen Baird Gardner & Henry, Portland, for appellants Cape Shore House Owners Association and Constance Jordan

John J. Wall, III, Esq. (orally), Monaghan Leahy, LLP, Portland, for appellee Town of Cape Elizabeth

David M. Kallin, Esq. (orally), Drummond Woodsum, Portland, for appellees Alan DeGeorge and Mara DeGeorge

Cumberland County Superior Court docket number AP-2017-26
FOR CLERK REFERENCE ONLY