STATE OF MAINE                                    SUPERIOR COURT
ANDROSCOGGIN, ss                                  DOCKET NO. AP-20-003

Jerry Marstaller,                     )
                                      )
          *Plaintiff*,                )
                                      )
     v.                               )          **Order on Appeal and**
                                      )          **Pending Motions**
Robert L. Phair, Jr. and ,            )
Marie A. Phair                        )
                                      )
          *Defendants*.               )

NOV 2 '20 AM3:08
ANDRO SUPERIOR COURT

This case is before the court on appeal by Defendant/Appellant Robert Phair[1] pursuant to

M.R. Civ. P. 80D(f)(1), on a question of law.

### *Factual and Procedural History*

There is no dispute that Plaintiff is the record owner of the property at issue on Federal

Road in Livermore. On November 18, 2007, the parties entered into a "Lease to Purchase

Property" regarding the Federal Road property. It is this document which is the basis of the

dispute between the parties. Defendants asserted in the District Court and continue to assert here

that this contract was a land sale installment contract and that they completed the purchase.

On October 16, 2019, Plaintiff filed this forcible entry and detainer matter in order to

evict Defendants, alleging they are tenants at will and were behind in rent. Defendants answered

and claimed title in the premises, either outright or pursuant to a land installment contract. Trial

was held on January 13, 2020. On February 13, 2020, the court issued an order rejecting the

defenses and entered judgment for Plaintiff. Specifically, the court found that Defendants' claim

of title was not supported by the evidence, and that the original 2007 contract between the parties

---

[1] The notice of appeal and transcript order were signed only by Robert Phair. Marie Phair did not file her own appeal, although she signed the briefs. Mr. Phair cannot represent Ms. Phair in this action. See 4 M.R.S. § 807(1), (3). Given the outcome of Mr. Phair's appeal, the issue of her status is moot.

1

was not a land installment contract. The court held that Defendants were tenants at will and were duly served with a Notice to Quit that complied with statute. As a result, the court entered judgment for Plaintiff.

Specifically, the District Court found that the "Lease to Purchase" required the purchase to be completed within 12 months. The Court further found that before November 18, 2008, Plaintiff notified Defendants that if they failed to complete the purchase within 12 months, the agreement would be terminated and they would become tenants at will, with the rent increasing to $400 per month. The purchase was not completed, and Defendants did begin to pay $400 per month the following month. There was also no dispute that Defendants had stopped paying in 2019 for some months prior to the filing of the complaint.

Following the final judgment in February 2020, Defendant Robert Phair timely filed an appeal to this court pursuant to M.R. Civ. P. 80D(f)(1).

On July 1, 2020, Plaintiff moved to dismiss the appeal on the grounds that Defendants had failed to comply with 14 M.R.S. § 6008(2). Since then, it appears that Defendants have paid some rent into escrow with the court, although it is not clear to this court that it is the full amount. Given the disposition of the appeal, however, the motion to dismiss is denied as moot.

### Analysis

A party may appeal a judgment of the District Court to the Superior Court. M.R. Civ. P. 76D. When the appeal is from a judgment of forcible entry and detainer, a "party may appeal . . . on questions of law." M.R. Civ. P. 80D(f)(1). Defendants have not sought a jury trial on any issues of fact, *see* M.R. Civ. P. 80D(f)(2), and thus the appeal is limited to questions of law. On appeal, then, this court will overturn any findings of the District Court only if they are clearly erroneous. *Town of Pownal v. Anderson,* 1999 ME 70 ¶6, 728 A.2d 1254, 1256.

Preliminarily, Defendant asks that this case be stayed pending the outcome of the separate Superior Court original action between the parties, AND-RE-19-15. That request is denied in this summary process, particularly in light of the Superior Court's denial of preliminary injunctive relief by Order dated October 18, 2019.

In his brief on appeal, Defendant essentially restates and reargues the facts from his point of view. The legal question he raises appears to be that the District Court erred when it interpreted the "Lease to Purchase" contract and/or that the factual findings are not supported by evidence. Regardless whether one could have found differently, the findings of the District Court are amply supported by the evidence, and no error occurred.

For these reasons, the appeal is denied, and the judgment affirmed.

Defendant has paid some monies to the District Court which are being held in an escrow account for rent. It is unclear to this court how much has been paid, whether Defendants are still occupying the premises, and how much of the escrow is due to Plaintiff. Pursuant to 14 M.R.S. §6008(2)(A), if Defendant believes that Plaintiff is not entitled to any or all of the escrow fund, given the court findings that Defendant was a tenant obligated to pay $400 monthly during his occupancy, then Defendant shall file any objection to disbursing the money to Plaintiff on or before November 16, 2020. Otherwise, the sums held in escrow shall be paid to Plaintiff for the rent owed.

The entry is: Appeal denied, and Judgment affirmed. This order may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: _Oct 30, 2020_

Valerie Stanfill
Justice, Maine Superior Court

3