STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
CIVIL ACTION
DOCKET NO BCD-APP-2022-00005

JONATHAN E. BUCK and
BUCKS HARBOR MARINA, INC.,

        Plaintiffs,

v.

TOWN OF BROOKSVILLE,
TOWN OF BROOKSVILLE HARBOR
COMMITTEE, and DEBRAE BISHOP,
in her capacity as Town of Brooksville
Harbormaster,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER

## INTRODUCTION

Before the court are three motions filed in the above-captioned administrative appeal. First, Defendants the Town of Brooksville, Town of Brooksville Harbor Committee, and Debrae Bishop, in her official capacity as Town of Brooksville Harbormaster, (the "Defendants") filed a Motion to Dismiss the independent claims contained in Counts II through V of Plaintiffs' Amended Complaint filed under Maine Rule of Civil Procedure 80B. Second, Plaintiff Bucks Harbor Marina, Inc. (the "Marina") filed a Motion for Trial on the Facts under Rule 80B(d) to introduce evidence and testimony to supplement the allegations and claims contained in Plaintiffs' Rule 80B appeal. Third, the Defendants filed a Motion to Determine the Course of the Proceedings.

The court heard argument on the motions on June 1, 2023. For the reasons discussed below, the court defers decisions on the Marina's Motion for Trial of the Facts. The Court Defendants' grants Motion to Dismiss the independent claims asserted in Counts II and III of the Plaintiffs' Amended Complaint and defers on Counts IV and V. The course of proceedings will

1

proceed as stated in this order.

## DISCUSSION

Rule 80B(d) provides that if a court finds upon a party's motion under Rule 80(B) that the party is entitled to a trial of the facts, "the court shall order a trial to permit the introduction of evidence that does not appear in the record of governmental action and that is not stipulated." M.R. Civ. P. 80B(d). The purpose of this rule is "to allow the parties to an appeal of a governmental action to augment the record presented to the reviewing court with those facts relevant to the court's appellate review of agency action." *Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 9, 743 A.2d 237 (citations omitted).

A trial of the facts under Rule 80B(d) is not, however, available with respect to independent civil claims that are joined with a complaint for appellate review of government action. *Id.* ¶¶ 9, 11; *see* M.R. Civ. P. 80B(i). Additionally, any independent civil claims joined with a claim for review of governmental action under Rule 80B(i) must be "independent" and not duplicative of the Rule 80B appeal. *Hurricane Island Found. v. Town of Vinalhaven*, 2023 ME 33, ¶ 13 n.3, -- A.3d -- (citing *Cape Shore House Owners Ass'n v. Town of Cape Elizabeth*, 2019 ME 86, ¶ 9, 209 A.3d 103; *Adelman v. Town of Baldwin*, 2000 ME 91, ¶¶ 6-7, 750 A.2d 577).

Count I of Plaintiffs' Amended Complaint seeks review of a November 16, 2021, decision by the Defendant Town of Brooksville Harbor Committee (the "Harbor Committee"). (Am. Compl. ¶¶ 18-19, 29-85.) That decision upheld a determination by the Harbormaster that Plaintiffs violated a consent agreement between the parties and the Town of Brooksville's Harbor Ordinance. Plaintiffs also assert independent claims against the Defendants in Counts II through V.[1] (Am. Compl. ¶¶ 86-133.)

---

[1] Count II prays for declarations that (1) sections of the Harbor Ordinance are unconstitutionally vague; (2) the Harbormaster abused her discretion; and (3) Harbor Committee members' conflicts of interest void their vote and

2

Through the Marina's Motion for Trial of the Facts, Plaintiffs primarily argue that two of the Defendants, the Harbor Committee and Harbormaster, exchanged *ex parte* communications about issues related to the Marina and the parties' dispute.[2] These communications may include correspondence between the Harbormaster and individual committee members as well as with the committee at large. Moreover, Plaintiffs allege that the Defendants did not disclose these communications in preparation for or during the hearing before the Harbor Committee that is the subject of the Rule 80B appeal. Plaintiffs also allege that certain individual Harbor Committee members are direct economic competitors with Plaintiffs or otherwise have undisclosed conflicts of interest.

In opposition, Defendants argue that issues concerning bias or conflicts of interest, including *ex parte* communication, are not properly before the court. This is because Plaintiffs, aware of the factual bases for the alleged bias and conflicts of interest, did not raise these issues in the October 21, 2021, *de novo* review hearing before the Town of Brooksville Harbor Committee, and because the Harbor Committee addressed whether its members are biased or conflicted during that hearing.

## I. Motion for Trial of the Facts.

A. Whether issues of bias, conflicts of interest, or *ex parte* communications are properly preserved within the Rule 80B appeal record.

"Generally, a party to an administrative proceeding must raise any objections it has before the agency for the issue to be preserved for appeal." *Wells v. Portland Yacht Club*, 2001 ME 20,

---

consequently the November 16, 2021, decision and order complained of. (Am. Compl. ¶¶ 86-112.) Count III is brought under Maine's Freedom of Access Act ("FOAA"), 1 M.R.S. §§ 400-414 (2023), and alleges *ex parte* communications between the Harbormaster and Harbor Committee members. (Am. Compl. ¶¶ 113-116.) Count IV complains of breaches of the parties' consent agreement by the Harbormaster. (Am. Compl. ¶¶ 117-126.) Count V requests a declaratory judgment that the consent agreement is void and unenforceable. (Am. Compl. ¶¶ 127-133.)

[2] Plaintiffs' motion also requests leave to file the complete record in this matter once it is obtained. *See* M.R. Civ. P. 80B(e)(1). During oral argument, the Defendant Town of Brooksville agreed to file the complete record to allow this suit to move forward. Accordingly, Plaintiffs' request for leave is mooted.

¶ 5, 771 A.2d 371. "An issue is considered raised and preserved for appeal if there is sufficient basis in the record to alert the court and any opposing party to the existence of that issue." *Id.* (citation and internal quotation marks omitted).

Each party acknowledged that the record to be submitted to the court in the course of the administrative appeal will be more complete than what is presently before the court. An incomplete record presents challenges to the analysis underlying whether an issue was properly raised during the municipal proceeding and whether there were issues of bias or conflict of interest that were unknown to the Plaintiff. The court has ordered that the parties proceed with submitting the record to the court and defers ruling on what was properly preserved.

B. Whether Plaintiffs' claimed bias or *ex parte* communications were alleged with particularity sufficient to warrant a trial of the facts.

A trial of the facts may be appropriate when the complainant asserts and alleges "claims of *ex parte* communication or bias ..., with sufficient particularity, to have had an effect on the fairness of the governmental proceeding." *Baker's Table, Inc.*, 2000 ME 7, ¶ 9, 743 A.2d 237. In this context, the complainant must demonstrate a *prima facie* showing of misconduct before they will be permitted to inquire into the provenance and mental processes of an administrative decisionmaker.[3] *Frye v. Town of Cumberland*, 464 A.2d 195, 200 (Me. 1983). This standard is not satisfied when a party merely submits vague or unsubstantiated allegations of conflict or bias, *Ryan v. Camden*, 582 A.2d 973, 975 (Me. 1990), or when the party otherwise cannot make a showing of bad faith or impropriety strong enough to justify the intrusion, *Carl L. Cutler Co. v. State Purchasing Agent*, 472 A.2d 913, 918 (Me. 1984).

Here, again, the court acknowledges that the complete record is not available. Still,

---

[3] "*Prima facie* evidence" means evidence that is sufficient to maintain the proposition where it is unrebutted or unexplained. *Town of Blue Hill v. Leighton*, 2011 ME 103, ¶ 12 n.5, 30 A.3d 848.

4

Plaintiffs allegations regarding *ex parte* communications, bias, and conflicts of interest satisfy the *prima facie* standard. (*E.g.*, Am. Compl. ¶¶ 29, 31-34, 38, 42-44.) Each issue is stated in the Amended Complaint with sufficient particularity relative to the extent of the record available to the Plaintiffs and the court. Without the full record, however, the court cannot assess the need for a trial of the facts to augment the record of the Rule 80B appeal of Plaintiffs' claimed *ex parte* communications, bias, and conflicts of interest.

## II. Motion to Dismiss.

After an agency has adjudicated a matter, a "contention that the decision was erroneous because it infringes upon some superior legal authority becomes subsumed within" the matters brought pursuant to Rule 80B "to question whether the particular action of [the] administrative agency is consistent with the requirements of law." *Cape Shore House Owners Ass'n*, 2019 ME 86, ¶ 8, 209 A.3d 103; *see also* M.R. Civ. P. 5 §§ 11007(4)(C)(1)-(4), (6) (providing scope of review of final agency action). An independent civil claim may be dismissed as duplicative of the Rule 80B appeal with which it is joined when it "relies on the same factual allegations and seeks the same relief." *Cape Shore House Owners Ass'n*, 2019 ME 86, ¶ 8, 209 A.3d 103 (citations and internal quotation marks omitted).

Counts II and III, are duplicative of the issues raised by Plaintiffs' appeal. Therefore, Counts II and III are dismissed. Counts IV and V are based on a contract between the parties. While the claims may ultimately be duplicative, the court would prefer to review the full record and the parties' briefing before determining whether they should also be dismissed.

## III. Course of proceedings.

1. As already addressed in the Hearing Conference Record from the oral argument, the parties are to proceed with the briefing on the appeal based on the available record.

2. The motion for trial of the facts remains under advisement and may be subject to

5

additional briefing after the administrative record is complete.

3.  Plaintiffs are entitled to limited discovery; Interrogatories and a Request for Production of Documents only; with respect to the issues of *ex parte* communications and members' conflict.

4.  A media report of the marina's closure has been brought to the attention of the court. If either of the parties takes the position that the closure renders any part of the case moot, they should inform the court.

## CONCLUSION

Based on the foregoing, the entry will be:

1.  Counts II and III of Plaintiffs' Amended Complaint are dismissed:

2.  The court defers its decisions on Plaintiffs' Motion for Trial of the Facts and on the remainder of Defendants' Motion to Dismiss with respect to Counts IV and V of Plaintiffs' Amended Complaint;

3.  The court orders limited discovery concerning the alleged *ex parte* communications and conflict of interest;

4.  The court will issue decisions on the motions once the record is completed and the parties are provided the opportunity to brief the Rule 80B appeal.

So ordered.

The Clerk is requested to enter this Order on the Docket, incorporating it by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date:  6 / 15 / 23

Thomas R. McKeon
Justice, Business & Consumer Court

Entered on the docket:  06/15/2023

6