STATE OF MAINE
CUMBERLAND, ss.
SUPERIOR COURT
DOCKET NO: AP-20-13

| | | |
|---|---|---|
| ANTHONY T. MACHIAVELLI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MAINE DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Respondent, | ) | |

This matter comes before the Court on Petitioner's request pursuant to M. R. Civ. P. 80C for review of the Department of Corrections' action in regard to the Petitioner's personal property. Also pending is the Department's Motion to Dismiss both the Petition and Petitioner's independent causes of action. After review, the Department's Motion to Dismiss is granted in regards to the Petitioner's independent claims, but is denied with respect to the Rule 80C Petition. For the reasons stated below, the Court grants the Petition in part.

## I. Factual Background

The Petitioner was previously incarcerated in the Maine Department of Corrections ("Department"). The Petitioner was released from the Department's custody on September 20, 2019, and was immediately remanded to the Louisiana Department of Corrections. The company that transported the Petitioner to Louisiana refused to transport most of the Petitioner's personal belongings. Over the next several months, the Petitioner made multiple attempts to retrieve his property from the Department. On October 31, 2019, an unnamed "friend" of the Petitioner is reported to have picked up either some or all of the Petitioner's property. Indeed, according to correctional property

| Plaintiff: Pro-Se | For Defendant: Alisa Ross, AAG |
|---|---|

officer, Rebecca Swendsen, all of the Petitioner's belongings were released to the unnamed friend on October 31, 2019. (Swendsen Aff. Dated Sept. 30, 2020, ¶ 8.)

The Department does not officially review a complaint related to an inmate's property unless that inmate has first filed a specific "grievance form." Specifically, the Department's grievance policy states:

> "A prisoner may file a grievance with the appropriate facility Grievance Review Officer to request administrative review of any policy, procedure, practice, condition of confinement, sentence calculation (including, but not limited to, an issue with credit for detention time or awarding of deductions or good time), action, decision, or event that directly affects the prisoner, that the prisoner believes in in violation of his/her rights or is in violation of Departmental policies and procedures, and for which the prisoner believes a Department employee or contractor is responsible."

(Department Policy 29.01(VI)(A)(4). There are three levels of review available under the Department's Policy. (Department Policy 29.01(VI)(C)-(E).) However, an inmate may only initiate this official review process after he or she submits an official grievance form; any attempt to file a grievance by any other means is not accepted. (Department Policy 29.01(VI)(A)(6).)

The Petitioner alleges that he previously requested a grievance form from the Department but received no response. (Pet. Opp. filed Sept. 17, 2020, pgs. 17-18.) Multiple Department employees have stated that they cannot recall ever receiving a request from the Petitioner. (Claxton Aff. ¶ 5, Dudley Aff. ¶ 5.) However, the record shows that, at a minimum, the Petitioner wrote to the Department multiple times to

inquire about what he needed to do in order have his property released. (Letter from Pet. Dated Nov. 4, 2019.) No grievance form was provided to the Petitioner and none has been filed in regard to Petitioner's property.

## II. Procedural History

The Defendant filed this Petition pursuant to M. R. Civ. P. 80(c) on June 15, 2020 seeking review of the agency decision; and, alleging that his property had not been returned in violation of his constitutional rights. Specifically, the Petitioner alleges that the Department's failure to return his property, and or refusal to provide Petitioner with an official grievance form, was in violation the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. The Petitioner also filed independent causes of action requesting that judgment be entered against the Department for violations of the same constitutional provisions. The State responded seeking to dismiss the Rule 80C Petition for lack of subject matter jurisdiction pursuant to M. R. Civ. P. 12(b)(1). The State also seeks to have Petitioner's independent claims dismissed because they are identical to the constitutional violations alleged in the Rule 80C Petition.

## III. Standard of Review

When acting in an appellate capacity pursuant to M. R. Civ. P. 80C and the Administrative Procedures Act, the court reviews an agency's decision directly for "an abuse of discretion, error of law, or findings not supported by the evidence." *Guar. Trust Life Ins. Co. v. Superintendent of Ins.*, 2013 ME 102, ¶ 16, 82 A.3d 121.

## III. Discussion

### A. Motion to Dismiss

The Department first seeks to have the Petition dismissed, arguing that the Court lacks jurisdiction to hear the Petition because there has been no final agency action. "[A]ny person who is aggrieved by final agency action shall be entitled to judicial review

thereof[.]" 5 M.R.S. § 11001(1). Similarly, "[a]ny person aggrieved by the failure or refusal of an agency to act shall [also] be entitled to judicial review thereof." 5 M.R.S. § 11001(2). The court lacks jurisdiction to review agency actions that are not considered "final agency actions." *See Tomer v. Maine Human Rights Comm'n*, 2008 ME 190, ¶ 8, 962 A.2d 355. Here, the Department argues that there has been no final agency action because: the Petitioner has neglected to file the appropriate grievance form; and, in the alternative, the Department has not failed to act because the Department has no legal duty to provide Petitioner with an official grievance form.

### 1. Final Agency Action or Refusal to Act

Final agency action is defined by statute as "a decision by an agency which affects the legal rights, duties, or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency." 5 M.R.S. § 8002(4). Conversely, "failure or refusal of an agency to act" is not defined in the statute. *See e.g.* 5 M.R.S. § 8002. However, the Law Court has held that "[j]udicial review of agency inaction or failure to act . . . [is] available to the same extent that the writ of mandamus was available at common law." *Annable v. Bd. of Envtl. Prot.*, 507 A.2d 592, 593-94 (Me. 1986). "Mandamus was appropriate to compel an agency to take action that the agency was legally bound to take." *Id.* at 594. "What process is due" a Petitioner under the due process clause of the Fifth and Fourteenth amendments requires the court to weigh: (1) "the private interest that will be affected by the official action" and (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards[;]" against (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 333-35 (1976).

Although the Department is correct that there has been no final agency action, the Court finds that, based upon the unique circumstances presented, due process requires the Department to provide a grievance form to the Petitioner. Specific to this case is that the Petitioner remains incarcerated and does not have the same rights and abilities as do those who are released directly into the public. As such, the Petitioner lacks the present ability to avail himself of the administrative process that would trigger official agency action. The Department's position that it is not required to provide the Petitioner with a grievance form carries the same dispositive effect contemplated by the statute's definition of "final agency action." Namely, because the Petitioner lacks the ability to obtain an official grievance form, the Petitioner likewise lacks any ability to seek official review or redress from the Department. As such, the refusal to provide Petitioner with a grievance form means the Petitioner has "no further recourse, appeal or review ... within the agency." 5 M.R.S. § 8002(4).

By comparison, the only administrative burden placed upon the Department is the mailing of a grievance form to the Petitioner. This administrative burden does not outweigh the erroneous and disparate deprivation of Petitioner's ability to seek official review of his grievance. As such, due process requires the Department to provide the Petitioner with a grievance form, and its failure to do so constitutes a failure to act within the meaning of 5 M.R.S. § 11001(2).

Again, this ruling is limited to the unique circumstances presented here. The Department should be required to provide the Petitioner with an official grievance from under these specific circumstances because the Petitioner's ability to avail himself of the Department's grievance process is constrained entirely through government action. While the Department's official review process may ultimately determine that the Petitioner's property was released to Petitioner's friend on October 31, the Petitioner has

the right for that determination to be made pursuant to official departmental procedures. The Court notes that nothing in this ruling should be considered a declaration that the Department is required to respond to every unofficial grievance it receives by current or former inmates.

Because the Department has failed to act under 5 M.R.S. § 11001(2), dismissal of the Petition is inappropriate under the circumstances.

## 2. Independent Claims

The Department also seeks to dismiss as duplicative Petitioner's independent claims. An independent claim may be dismissed as duplicative if it relies on the same factual allegations and seeks the same relief as those laid out in the Rule 80C petition. *See Kane v. Comm'r of Dep't of Health & Human Servs.*, 2008 ME 185, ¶ 32, 960 A.2d 1196; *see also Cape Shore House Owners Ass'n v. Town of Cape Elizabeth*, 2019 ME 86, ¶ 8, 209 A.3d 102. Where, as the case with the Administrative Procedures Act, the Legislature has provided by law "for a direct means by which the decision of an administrative body can be reviewed in a manner to afford adequate remedy, such direct avenue is intended to be exclusive." *Fisher v. Dame*, 433 A.2d 366, 372 (Me. 1981).

Here, the Petitioners independent causes of action are identical to the factual allegations supporting the Petitioner's Rule 80C Petition. The Maine Legislature proscribed to this court the specific procedures through which it is to review and remedy the constitutional violations alleged by the Petitioner. *See* 5 M.R.S. § 11001 et seq. As such, the review process available to the Petitioner is controlled exclusively by the Administrative Procedures Act and his Rule 80C Petition. Therefore, the Petitioner's independent constitutional claims are dismissed as duplicative of the Rule 80C appeal because each claim alleges the same facts underlying the Rule 80C Petition.

## B. Rule 80C Petition

Upon review of an agency action, the Court may: affirm the decision of the agency; remand for further proceedings; or, under certain circumstances, reverse or modify the decision of the agency. *See* 5 M.R.S. §§ 11007(A)-(C)(1). Additionally, the relief available when an agency fails or refuses to act "shall include an order requiring the agency to make a decision within a time certain." 5 M.R.S. 11001(2).

For the reasons outlined above, the Court finds that, under these unique circumstances, due process required the Department to provide the Petitioner with an official grievance form. As such, the failure to provide the form was an error of law. *See Guar. Trust Life Ins. Co.*, 2013 ME 102, ¶ 16, 82 A.3d 121 Therefore, the Court remands the case back to the Department pursuant to 5 M.R.S. § 11007(4)(B) and orders that the Department provide Petitioner with an official grievance form.

The Court also declines to accept the Department's narrow reading of what remedies are available to a petitioner when an agency fails to act. Contrary to the Department's view, the relief available under the circumstances is not limited to an order directing the Department "to make a decision within a time certain." *See* 5 M.R.S. § 11001(2). Instead, the remedies available to the Court under the circumstances, *"include[s]"* the ability to issue such an order. *Id.* (emphasis added). The relief outlined in 5 M.R.S. § 11001(2) does not serve to limit the remedies available under the Administrative Procedures Act, but instead provides an additional remedy not specifically addressed in 5 M.R.S. §§ 11007(4)(A)-(C).

## V. Conclusion

Under the limited circumstances presented here, due process requires that the Department provide the Petitioner with an official grievance form. Therefore, the Court remands the case back to the Department and orders that the Department provide the

Petitioner with an official grievance form. If the grievance form is submitted, the Department shall proceed pursuant to its Department Policy. Additionally, the Court grants the Department's Motion to Dismiss with respect to the Petitioner's independent claims because the independent claims are duplicative of the Rule 80C petition. The Department's Motion is otherwise denied.

The entry is:

1. The Department's Motion to Dismiss the Petition is DENIED.

2. The Department's Motion to Dismiss the Petitioner's independent claims is GRANTED.

3. The Court GRANTS the Petition and ORDERS that the Department provide the Petitioner with an official grievance form. The Court hereby DENIES all other requests for relief.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: December 16, 2020

Mary Gay Kennedy
Justice, Maine Superior Court

Entered on the Docket: 1|4|21